

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION-LAW

**SINISA MALESEVIC**                    :
800 Willopenn Drive                     :
Apartment B202                          :
Southampton, PA 18966                   :
                                        :          **13      1832**
            Plaintiff                   :
                                        :    No.:
                                        :
         v.                             :
**STELLAR RECOVERY, INC.**              :    Jury Trial Demanded
1845 Highway 93 South                   :
Suite 310                               :
Kalispell, MT 55901                     :
                                        :
            Defendant                   :

## COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for

Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.

1692, et seq. (hereinafter "FDCPA") .

### JURIDSDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C.

Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant

to 28 U.S.C. Section 1367.  Venue is proper in accordance with 28 U.S.C. Section

1391(b).

3.     Defendant obtains the benefit(s) of regularly transacting business in Montgomery

County of the Commonwealth of Pennsylvania.

4.     A substantially portion of the conduct complained of occurred in Montgomery County, captioned above, in Pennsylvania.  Plaintiff resides in Montgomery County in Pennsylvania.

## PARTIES

5.     All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

6.     Plaintiff is Sinisa Malesevic, an adult individual with a current address of 800 Willowpenn Drive, Apartment B202, Southampton, PA 18966.

7.     Defendant(s) is Stellar Recovery, Inc., a business engaged in consumer debt collection with a principle place of business located at 1845 Highway 92 South, Suite 310, Kalispell, MT 55901.

## FACTUAL BACKGROUND

8.     All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

9.     On or about June 2012, July 2012, August 2012 and September 2012, within 365 days from the date of the filing of this Complaint, Defendant called via autodialer and/or contacted  Plaintiff by telephone at Plaintiff's cellular number 267-334-4809 on numerous occasions.

10.     On or about 2nd Quarter 2012, 3rd Quarter 2012 and/or 4th Quarter 2012, Defendant, in an attempt to coerce payment from Plaintiff, stated to Plaintiff in a phone conversation that "We will garnish your pay."

11.     Again or about 2nd Quarter 2012, 3rd Quarter 2012 and/or 4th Quarter 2012, Defendant, in an attempt to coerce payment from Plaintiff, stated to Plaintiff in a phone conversation that "We will take your car and house."

12.     Again or about 2nd Quarter 2012, 3rd Quarter 2012 and/or 4th Quarter 2012, Defendant, in an attempt to coerce payment from Plaintiff, stated to Plaintiff in a phone conversation requested of Plaintiff to "borrow money from his family/friends."

13.     Again or about 2nd Quarter 2012, 3rd Quarter 2012 and/or 4th Quarter 2012, Defendant, in an attempt to coerce payment from Plaintiff, requested information about Plaintiff's Federal Tax Refund (if any).

14.     Again or about2nd Quarter 2012, 3rd Quarter 2012 and/or 4th Quarter 2012, Defendant, in an attempt to coerce payment from Plaintiff, entered into a payment plan with Plaintiff, where Plaintiff was to pay Defendant approximately $20 per month. Plaintiff explained to Defendant that he cannot afford this payment and in response Defendant threatened legal action, stating to Plaintiff that we will "Put You or Take You To Court."

15.     After Defendant's initial communication with Plaintiff, Defendant failed to send Plaintiff a letter notifying him of his rights under the law.

16.     At no time material hereto did Plaintiff disclose his cellular phone number 267-334-4809 to the original creditor or to Defendant.

17.     At no time material hereto were any of the phone calls Defendant placed to Plaintiff of an emergency nature.

18.     Defendant's conduct was intended to harass, annoy and/or abuse Plaintiff and Plaintiff suffered and continues to suffer emotional upset and emotional distress due to Defendant's conduct.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

19.     All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

20.     Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

21.     Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

22.     At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

23.     Defendant violated the FDCPA, 15 U.S.C Sections 1692c(a)(1), 1692d, 1692d(2), 1692d(5), 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f ,1692g(1), 1692g(2) and 1692g(3) in the following manner:

    (a)     Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

(b)   Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(c)   The use of language the natural consequence of which is to abuse the hearer;

(d)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

(e)   The false representation of the character and legal status of the alleged debt;

(f)   The representation or implication that nonpayment of the alleged debt will result in the seizure , garnishment, attachment or sale of property (real and personal) and garnishment of wages;

(g)   The threat to take action that cannot legally be taken or that is not intended to be taken;

(h)   Using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(i)   Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt and

(j)   Failing to provide within five days after initial communication a written notice containing the amount of the alleged debt, the name of the creditor to whom the alleged debt is owed and a statement

that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

24.     A violation of any consumer statute, in this case the Telephone Consumer Protection Act is also a violation of the FDCPA.

25.     The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

26.     Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

27.     Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

28.     Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

29.     In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

30.     Any mistake made by Defendant would have included a mistake of Law.

31.     Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## COUNT II
## VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC SEC. 227 ET. SEQ.

32.    All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

33.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

34.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227 (b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

35.    At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. Section 153 (10).

36.    Plaintiff's account went into collections, and the account was referred to Defendant for the purpose of collection.

37.    In Plaintiff's loan application and related documents, Plaintiff did not list any cellular telephone number. Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to the original creditor, nor did he verbally provide the original creditor with a cellular phone number at any time during the transaction that resulted in the debt owed to the original creditor.

38.    At no time did Plaintiff provide Defendant with Plaintiff's cell phone number.

39.    At no time did Plaintiff provide the original creditor for the account that was the

subject of Defendant's collection activity with Plaintiff's cell phone number.

40.     Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone.
        Plaintiff received repeated calls from Defendant on Plaintiff's cellular phone.

41.     It is believed and averred that Defendant used some method or mechanism to look
        up Plaintiff's cell phone number in order to facilitate the calls.

42.     Many of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular
        telephone occurred via an "automatic telephone dialing system," as defined by 47
        U.S.C. section 227 (a)(1), and all calls that are the subject of this Complaint
        occurred within four years of the filing of this Complaint.

43.     The telephone number that Defendant used to contact Plaintiff at by using an
        "automatic telephone dialing system," was assigned to Plaintiff's cellular
        telephone service as specified in 47 U.S.C. Section 227(b)(1)(A)(iii).

44.     The complained of telephone calls constituted calls not for emergency purposes as
        defined by 47 U.S.C. Section 227 (b)(1)(A)(i).

45.     Plaintiff did not provide "express consent" allowing defendant, or the original
        creditor to place telephone calls to Plaintiff's cellular phone utilizing an "artificial
        or prerecorded voice" or placed by an "automatic telephone dialing system,"
        within the meaning of 47 U.S.C. Section 227(b)(1)(A).


        WHEREFORE, Plaintiff demands judgment in her favor and against Defendant
and seeks compensatory and punitive damages against Defendant and all other relief as
the Court deems just and proper.

## COUNT III

### VIOLATION of PENNSYLVANIA'S FAIR TRADE EXTENSION UNIFORMITY ACT, 73 PS 2270.1 et. seq. and PENNSYLVANIA'S UNFAIR TRADE AND CONSUMER PROTECTION LAW, 73 PS. 201 et. seq.

46.     All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

47. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

48. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

49. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

50. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt.  A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

## DAMAGES

51.     All previous paragraphs of this Complaint are incorporated by reference as though

fully set forth herein.

52.     Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C.

Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section

1692k(a)(3).

      (a)     Actual damages, including but not limited to phone, fax, stationary,

postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

      (b)     Statutory Damages  pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00;

      (c)     $500-$1,500  per call  statutory damages pursuant to TCPA;

      (d)     $5,000.00 Damages for Emotional Distress, Humiliation, Embarrassment and Anxiety; and

      (e)     Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3).
Attorney's fees are calculated at a rate of $350.00 per hour.
Plaintiff's attorney fees continue to accrue as the case move forward.

      (f)     All other relief that the Court deems just and proper.


**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant

and seeks compensatory damages, punitive damages, attorney's fees and costs  against

Defendant and all other relief as the Court deems just and proper.



Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**


By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 4/4/13